# The Toledo, Peoria & Warsaw Railway Co.

*v.*

# Michael Conroy.

1. Negligence in railroads—*notice.*  In an action against a railway company to recover damages for the death of one of its employees, alleged to have been occasioned by the falling of a bridge, an instruction which informs the jury that, if the deceased was in the employment of the company, was in the line of his duty when crossing the bridge, that the timbers of the bridge were decayed and unsafe, and by reason thereof broke down, and the death of such employee was occasioned thereby, the company was liable, is erroneous, because it excludes notice of the condition of the bridge to the employees of the company, or that they, by the highest degree of diligence consistent with the operation of the road, might have known of the defects.  A railroad company is bound to use such diligence, yet it is not an absolute insurer and can not be held liable for defects that such diligence would not detect.

2. Actual knowledge of such defects is not necessary to render a railway company liable; it is enough if the company might, by the use of such diligence, have been informed, but when it did not know and could not have learned the timbers were defective and unsafe by such diligence, it can not be held responsible.

Appeal from the Circuit Court of Peoria county ; the Hon. Sabin D. Puterbaugh, Judge, presiding.

Messrs. Ingersoll & McCune, for the appellant.

Mr. H. W. Wells, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

This was an action in which the administrator of John Conroy recovered damages against a railway company for injuries received by him while in the employ of the company as a fireman, by the falling of a railway bridge.  The evidence as to the condition of the bridge is contradictory and we shall not discuss it, as the case must go to another jury for error in the

instructions.   The third instruction given for the plaintiff was as follows:

"In this case, if the jury believe, from the evidence, that John Conroy was a fireman in the employ of the defendant, and was in the line of his duty on an engine crossing the bridge in question, and if they further believe, from the evidence, that the timbers of the bridge were decayed and unsafe, and for that reason broke down, and that the death of John Conroy was occasioned by injuries received by the breaking of said bridge, and that the said John Conroy left next of kin, then the defendants are liable, and the jury should find for the plaintiff."

This instruction would make the company liable for injuries resulting from a defective bridge, independently of the question whether the agents of the company had notice of the defects, or might have had knowledge of them by the exercise of the highest degree of diligence consistent with the operation of the road.   This instruction was, in this respect, erroneous.   The rule is settled that, while a railway is bound to use the degree of diligence just stated in furnishing to the public a safe road-bed, yet it is not an absolute insurer, and can not be held liable for defects of which such diligence would not inform it.   Actual knowledge of the defect is not necessary.   It is sufficient if the company might have been informed by the use of such diligence as the law imposes upon it, but where it did not know and could not have informed itself of the defect, we do not see how it can be held responsible.   In this case, the question was as to the soundness of bridge timbers, and it was clearly important that the instruction should be qualified in the manner indicated.   Some of the witnesses who testify that the broken timbers were decayed, also say they were externally sound ; and admitting the fact of decay, it became important to determine whether it was of such a character that the company could have discovered it by the exercise of proper diligence.

It may possibly be said that decay in the timbers of a bridge, being necessarily gradual, could always be ascertained by the use of due diligence.. That may be so, but we do not feel justified in assuming it as a legal presumption. It is wholly a question of fact, and should not have been withdrawn from the jury by the instructions.

For giving the instruction in question without qualification, the judgment must be reversed.

The appellant also complains of the refusal of certain instructions asked by him, but as far as they were correct they were substantially comprised in the sixth given for him.

*Judgment reversed.*