# The Toledo, Wabash and Western Railway Co.

## *v.*

## John H. Ingraham.

1. Instruction—*must refer to the evidence for the facts.* It would be clearly erroneous to instruct the jury in such a manner that they would be at liberty to believe certain facts, important to a proper decision of the cause, from any source other than the evidence.

2. But where a jury are instructed, if certain facts are true, *provided* they *further* believe, from the evidence, certain other facts exist, they should find, etc., a jury of ordinary intelligence will understand that they must believe the facts first enumerated from the evidence, as well as those last mentioned.

3. Same—*when correct as a series.* It is the duty of the jury to consider all the instructions together; and when this court can see that an instruction in the series, although not stating the law correctly, is qualified by others, so that the jury were not likely to have been misled, the error will be obviated.

4. Same—*must not be broader than the evidence.* In a suit by a brakeman to recover damages for a personal injury, sustained while in the discharge of his duty as a servant, in consequence of a defective ladder on a freight car, the court refused to instruct the jury, for the company, that it was the duty of the plaintiff to have noticed any visible defect in the ladder, and to have reported it to the company; and if there was a visible

defect in the ladder, and the plaintiff failed to report it to the company, he could not recover on account of such defect. The evidence failed to show that the defect was visible, or that the plaintiff ever saw the car before the day of the accident: *Held*, that there was no error in the refusal, as there was no evidence to justify giving the same.

5. MASTER AND SERVANT—*injury to the latter—liability of the master.* Where a brakeman of a railway company is injured while in the service of the company, in consequence of a defective ladder, which, giving way, caused him to fall, etc., the company will not be liable to such servant, unless it had notice of the defect, or might have had such knowledge by the exercise of a proper degree of diligence and care.

6. Where a brakeman upon a railroad, while obeying the order of a conductor of a freight train, in uncoupling a car from the train, and attempting to climb upon the car after uncoupling the same, in consequence of a defective round in the ladder, fell, and was run over by several cars, there being no proof that the defect in the ladder was visible, or that the brakeman ever saw the car before, it was *held*, that the company was liable to him for the injury he sustained, it being the duty of the company to furnish safe materials and structures, and the brakeman having no connection in placing the defective car upon the road.

7. A servant of a railway company will not be precluded from recovering for a personal injury, sustained while in the discharge of his duties, in consequence of the act of a superior servant in another department of the service. Thus, a brakeman, who has nothing to do with the placing of a defective freight car upon the road, will not be responsible for the acts of those providing such a car, and may recover for an injury sustained by him, caused by the use of the same, without negligence on his part.

8. JUDGMENT—*arresting for informality.* The entry of judgment in the name of Ingram, instead of Ingraham, is such an irregularity that can not be taken advantage of under the Statute of Amendments and Jeofails.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. O. T. REEVES, for the appellant.

Messrs. HUGHES & McCART, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by John H. Ingraham, in the circuit court of McLean county, against the

Toledo, Wabash and Western Railway Company, to recover for injuries received, caused by falling from a car and being run over by several cars in the train.

It appears, from the evidence contained in the record, that, on the 15th day of October, 1872, appellee was a brakeman on a freight train, in the employ of appellant. When near Boswell station, he was directed by Roach. the conductor. to go forward and cut the train. In obedience to the order, appellee went over the train, walking on top of the cars, descended the ladder of one car. pulled the pin. and then started up the ladder of the other car, when the ladder gave way. Appellee was thrown upon the track, and five or six cars passed over him. Five of his ribs were broken, one foot split open, one arm broken. and he was severely injured in the abdomen. In consequence of the injuries received, his lower parts became paralyzed.

In fact, it is clear, from the evidence, that, before the accident, appellee was a stout, able-bodied man, and that, by the accident, he has been rendered a cripple for life, and unfit for manual labor.

Upon the trial in the circuit court, the jury returned a verdict in favor of appellee, and fixed his damages at $5000. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

The appellant brings the record here, and relies upon three grounds to secure a reversal of the judgment—

*First*—That the court erred in giving appellee's first instruction.

*Second*—That appellant's first instruction was improperly refused.

*Third*—That the court erred in overruling appellant's motion in arrest of judgment.

The instruction given for appellee, to which exception is taken, is as follows:

" The duty of furnishing safe cars to its employees, to be used by them in working on the railroad, is a duty the law

imposed upon the defendant, and it is not one that can be
delegated to servants, so as to avoid liability on the part of
defendant; and if he (defendant) neglected and failed to fur-
nish a safe car, but, on the contrary, did furnish a car that
was out of repair in one of the rounds of the ladder on such
car, and that, by reason of such defect, the plaintiff, while
using ordinary care as a brakeman, was, in the discharge of
his duty, injured, then the jury should find the defendant
guilty, if the jury further believe, from the evidence, that
the plaintiff did not know of such defect, and could not have
known of the same by the use of reasonable care and precau-
tion. If the jury finds the issues for the plaintiff, they may
assess his damages at such sum as will compensate for the
injuries and damages proven, if any have been proven, in
loss of time and expenses, pain and injury sustained in the
past, and for any permanent or lasting injury sustained to his
physical system."

The first objection made to this instruction is, it is claimed
that it does not direct the jury to the evidence, or tell them
they are to believe certain facts from the evidence.

When the whole instruction is considered, we do not regard
the objection well taken. While it is true, the instruction
was not skillfully drawn, yet it contains nothing calculated
to mislead the jury, or to predicate a verdict on facts not in
evidence.

Where a jury are instructed, if certain facts are true, pro-
vided they *further* believe, from the evidence, certain other
facts exist, a jury of ordinary intelligence would surely con-
clude that they must believe the facts first enumerated, from
the evidence, as well as those last mentioned.

A jury must base their verdict upon the facts as shown by
the evidence introduced before them; and it would be clearly
erroneous for the court to instruct them in such a manner
that they would be at liberty to believe certain facts, import-
ant to a proper decision of the issue, from any source other

than the evidence; and were this instruction in fact liable to the objection taken, it could not be sustained.

It is also urged, that the instruction was erroneous, for the reason that by it the jury were told appellant would be liable if it furnished a car which was unsafe, independently of the question whether the agents of the company had notice of the defect, or might have had notice by the exercise of reasonable care.

It is clear the company could not be held liable for an injury received through a defect in the car, unless it had notice of the defect, or might have had such knowledge by the exercise of a proper degree of diligence, as was held by this court in *T., P. and W. R. R. Co. v. Conroy*, 61 Ill. 162.

The instruction, standing alone, is liable to the objection taken, but when considered in connection with the other instructions, the objectionable feature is removed.

The second instruction given for appellee, although not in terms qualifying the first, lays down the rule correctly.

The sixth instruction of appellant tells the jury that no recovery could be had if the round in the ladder gave way by accident, and not the result of negligence of the company.

It was the duty of the jury to consider all the instructions together, and when this was done, although the first instruction of appellee did not state the law accurately, we can not see that the jury were likely to be misled.

The second point relied upon by appellant is, the refusal of the court to give its first instruction, which was as follows:

"The court instructs the jury that if they believe, from the evidence, the ladders on freight cars are placed there for the use of the brakemen, in the discharge of their duties, then it was the duty of the plaintiff to have noticed any visible defect in the ladder, and to have reported it to the company; and, therefore, if the jury believe, from the evidence, that there was a defect in the round of the ladder, and that it was a visible defect, and if they further believe, from the

evidence, that the plaintiff did not report the defect to the company, then the plaintiff can not recover on account of such defect."

This instruction might have been proper in a case where the evidence was broad enough to authorize it, but there was no evidence in this case, as disclosed by the record before us, to justify the court in giving it.

It did not appear. from the evidence, that the ladder contained visible defects. It does not appear that appellee had ever seen the car prior to the day of the accident; and while the general appearance of the car was old and dilapidated, and the proof is clear that it was unfit to be upon the road, and unsafe. yet there was nothing about the appearance of the ladder calculated to excite the suspicion of the appellee, or that would justify him to refuse to use it, or even condemn it to the company.

It is the duty of a railroad company to furnish to their employees safe materials and structures.

Appellee had no connection with placing this car upon the road. It was placed there by one higher in authority. It was the duty of appellee, when ordered by the conductor, whose order he was bound to obey, to descend the ladder and uncouple the car; and, as was said by this court in *C. and N. W. R. R. Co.* v. *Jackson*, 55 Ill. 493. he was and could not be responsible for the defect; nor should he be held liable for the defective car. as he neither furnished it nor placed it upon the track; nor should he be responsible for the acts of those who provided the defective car, as the fault was not that of a servant engaged in the same department of the common business. It was the act of a superior. in another department.

We can not, therefore, under the facts of this case, say the court erred in refusing the instruction.

The last ground of reversal relied upon is, the overruling of the motion in arrest of judgment.

The declaration was in the name of John H. Ingraham, which was, as shown by the evidence, the true name of appellee. The judgment, however, was entered in the name of John H. Ingram.

The Revised Statutes of 1874, page 137, sec. 6, provides: "A judgment shall not be arrested for any informality in entering a judgment, or making up the record thereof, or any continuance or other entry upon such record." The fact that the judgment was entered in the name of Ingram, instead of Ingraham, can only be regarded as an irregularity or informality, which can not be taken advantage of under the statute.

It is not claimed by appellant that the verdict is excessive, nor is it seriously urged that the verdict is not sustained by the evidence.

The injuries received were of the most serious character, and it is apparent, from the evidence, that the car the appellant suffered to be used was unsafe and dangerous. The wood that held the rounds of the ladder had become rotten and decayed, and while the exterior led appellee to believe it safe, had it been tested by the hammer of the mechanic whose business it was to see that the car was sound and safe, the defects would have readily been detected.

As the record discloses no substantial error, the judgment will be affirmed.

*Judgment affirmed.*