WILLIAM D. RICHARDSON

*v.*

JOHN COOPER.

1. MASTER AND SERVANT—*liability of master for injury to servant.* A master, or employer, is only liable to a servant for an injury received in his employment where the former fails to employ reasonably skillful workmen, or suitable machinery or implements, properly constructed for the use intended, and of proper material, and the injury results from such failure.

2. A master is not an insurer that the servants he employs are skillful and prudent, or that the workmanship or materials employed in his business are

absolutely proper and suitable, though he is bound to a high degree of care and skill in their selection and construction.

3. SAME—*servant presumed to take ordinary risks.* A servant, where he engages in a particular employment, is presumed to have done so with a knowledge of, and taking the risk of, its ordinary hazards, whether from the carelessness of fellow-servants in the same line of employment, or from latent defects, or the ordinary dangers in the use of machinery and appliances used in the business.

4. Where a servant, while engaged in raising a stone, was injured by some part of the machinery becoming disconnected, having got out of repair, and there was no complaint that the fellow-servants employed were unskillful, or wanted prudence, and it appeared that the machine used was of sufficient material, and properly constructed and reasonably well adapted to the use for which it was designed, and had, before, raised stones ten or twelve times the weight of that which caused the injury, and it did not appear that the employer knew that the machine was out of order, or that notice thereof had been given to any one having charge of this part of the work, it was *held*, that a recovery by the servant, against the contractor, who was the employer, could not be sustained.

5. SAME—*liability from notice of defect in machinery.* Where suitable and proper machinery is employed in business, both as to materials used and its construction, to make the employer liable for an injury to a servant, by the same being out of proper repair, by notice thereof, such notice must be given or brought home to the employer or to the person empowered and whose duty it is to furnish or repair such machinery, when needed. Notice to a fellow-servant employed in superintending another branch of the business entirely disconnected, will not suffice.

6. If a servant discovers that machinery used in the line of his employment is out of order and dangerous, and does not stop the use of the same, giving the proper notice thereof, and wait until it is put in proper condition, and he is injured by using the same, or if the injury is produced by its careless use, the fault will be his, and the employer, not in fault, will not be liable to him for the injury.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. JOHN M. & JOHN MAYO PALMER, for the appellant.

Mr. N. M. BROADWELL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Whilst engaged, with another person, in using a machine in elevating a stone on the walls of the State house, appellee was injured by some part of the machine becoming disconnected. His arm was injured, and for that he sued appellant, who was the contractor on the building. The action was case, and on a trial the jury found a verdict for plaintiff, and assessed his damages at $1000. A motion for a new trial was overruled by the court, and a judgment rendered on the verdict, from which defendant appeals.

Appellee was employed for the performance of no specific character of work, but did various kinds, as occasion required. Appellant was the contractor, and acted, in person, as the general superintendent of the building, and was at the building and had charge, in person, of the stone work at the time the accident occurred. The machine with which the stone was being hoisted appears to have been of sufficient material, properly constructed, and, at least, reasonably well adapted to the use for which it was designed; but, a short time previous to the accident, the men engaged in operating the machine discovered that it was not in order, and was not working properly, and had Cross, who had charge of the putting in place the iron work at a distant part of the building, to examine it. Appellee and the man engaged with him in operating the machine testify that Cross told them it was unsafe, but there was not time to fix it until after six o'clock, and to continue to use it, which they did, and appellee was injured whilst raising the next stone.

Appellee testifies that he knew the machine, in the condition it then was, was out of order and unsafe, but he continued to work with it, because Cross so directed him; but had he known the extent of the danger, he would not have done so, but it proved to be more dangerous than he supposed. He also testifies that appellant did not know the machine was out of order; that he was not there until after the accident, and kept

appellee on the pay-roll of the hands for five or six months after he was injured, at $25 per month, and paid the surgeon's bill of $100.

Cross testified that he examined the machine, and regarded it safe—saw nothing wrong about it; that, with careful use, it was, he thought, not dangerous; that he was not superintendent of the work, but only acted as such in the absence of appellant, and that appellant was present that day, and superintending in person, and in this witness is sustained by other persons—that he only acted as superintendent in the absence of appellant; did not hire or discharge hands, and was that day engaged, at the opposite end of the building, in putting up iron roofing; that appellant, in person, had charge of the stone work on which appellee was employed.

The rule is well recognized, that the employer is only liable where he fails to employ reasonably skillful workmen, or suitable machinery and implements, properly constructed for the use intended, and of proper material; but the master is not an insurer that the servants he employs are skillful and prudent, or that the workmanship or materials employed in the construction of machinery, and other implements, are absolutely proper and suitable, but he is bound to a high degree of care and skill in their selection or construction. A servant, when he engages in an employment, is held to have done so with a knowledge and the risk of its ordinary hazards, whether from the carelessness of fellow-servants in the same line of employment, or from latent defects in, or the ordinary dangers in the use of machinery, and appliances used in the business. The qualification to the rule is, that the master must use all reasonable precautions to select capable and prudent fellow-servants, and machinery and implements properly constructed and of good material.

Then, under the rule with its limitation, in what was appellant wanting? There is no claim that the fellow-servants were unskillful or wanted prudence; nor can it be urged, nor is it claimed, that this machine was not properly constructed,

18—88 ILL.

or that the material employed was not suitable. On the contrary, it was shown to have raised stones from ten to twelve times the weight of that which caused the accident.

It is, however, claimed that the machine was out of repair, and proper notice of the fact was given, and it was not regarded; but appellee was required to continue to use it in its dangerous condition, and that this constituted such negligence as renders appellant liable. Conceding that such notice given to the proper source, and neglected, would have that effect, it does not follow that such notice given to a fellow-workman, employed in a higher or different position in the general pursuit of the business, will produce such results. To have that effect, the notice must be given or brought home to the person empowered, and whose duty it is to furnish or repair such machinery, when needed.

The architect and his assistants, no doubt, as is usual in such cases, had the superintendence of the construction of the entire building; and yet, we presume no one would suppose that notice to him or them that this machine was out of order, and was dangerous, would render them or any one else liable for neglect, because it was not their duty to furnish or repair such machinery. The keeper of the time of the hands and the one making up the pay-rolls is a superintendent of that branch, or department, of the business, and he is, to that extent, a general superintendent; and various persons may have had the general superintendence of the purchase and inspection of stone, of brick and of lumber, and to that extent they would be general superintendents. Cross seems to have had, at the time, the superintendence of putting the iron roofing in place, but appellant acted as general superintendent of the entire building—sub-superintendents and hands in every department.

It is not shown that Cross had the power, or that it was his duty, to keep or direct the keeping of this machine in proper running order; but appellant, manifestly, had that power, and, to make the notice effective, it should have been

given to appellant, or to some one who had the power, or whose duty it was to make the repairs. The evidence fails to show that this duty or power devolved on Cross, and, in the absence of such evidence, the notice might as well have been given to any other fellow-workman, or, in fact, any other person. Notice should have been given to the proper person, and his refusal or neglect to adjust the machine was essential to create or establish negligence to render appellant liable; and failing in that, appellee must fail in a recovery.

From the evidence, appellant seems to have done all things his position as employer of appellee required of him. He seems to have omitted no legal requirement, and, upon this evidence, no reason is perceived why he should respond in damages for the misfortune of appellee in receiving a grievous injury, produced from unforeseen causes; or if the danger was seen, as is claimed, in his not stopping the use of the machine, giving the proper notice and waiting until it was put in proper condition; or if the injury was produced by the careless use of the machine, the misfortune, if not the fault, was that of appellee, and another should not be required to make compensation, however grievous the misfortune.

The evidence fails to sustain the verdict, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*