# THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

## v.

## HENRY H. HAGAR.

1. MASTER AND SERVANT.—An employer is not bound to insure his employe against accidents resulting from defective machinery, but his duty in that respect is discharged when he has exercised a high degree of care and diligence to guard against accidents from that cause.

2. DEFECTS—NOTICE.—If a railroad car is in good order when it leaves the shop or when placed upon the track, the company is not responsible for defects arising from use while running until notified of defects, or until in the exercise of such vigilance as the law requires, it could and would have learned of such defect.

3. DEFECTS CAUSED BY FELLOW SERVANT.—If through the neglect of a fellow servant in the same line of employment the defect arose, the plaintiff can not recover.

4. CONTRIBUTORY NEGLIGENCE.—An employe has a right to presume that the machinery used is safe, and if, as in this case, a person whose duty it was to set the brakes on a railroad car, is injured by reason of the nut on the brake being gone, of which he had no knowledge, he is not guilty of contributory negligence.

APPEAL from the Circuit Court of Vermillion county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed October 24, 1882.

Mr. WILLIAM ARMSTRONG, and Messrs. MANN, CALHOUN & FRAZIER, for appellant; that plaintiff was guilty of contributory negligence, and can not recover, cited Ill. Cent. R. R. Co. v. Jewell, 46 Ill. 99; C. & N. W. R. R Co. v. Jackson, 55 Ill. 495.

The law imposes upon the employer only the obligation to use ordinary care and prudence: Price v. Henegan, 5 Bradwell, 237; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 545; C. & N. W. R. R. Co. v. Scheuring, 4 Bradwell, 539; Noyes v. Smith, 28 Vt. 59.

As to what constitutes the relation of fellow servant: C. & A. R. R. Co. v. Murphy, 53 Ill. 533; C. & N. W. R. R. Co. v. Scheuring, 4 Bradwell, 539; Valtez v. O. & M. R'y Co. 85 Ill. 500.

Mr. D. D. EVANS, and Messrs. BLACK & BLACKBURN, for appellee; generally as to the right to recover, cited Wharton on Negligence, § 205; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 284; C. & N. W. R. R. Co. v. Taylor, 69 Ill. 465; T. W. & W. R'y Co. v. Fredericks, 71 Ill. 294; T. W. & W. R'y Co. v. Ingraham, 71 Ill. 309; C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302.

McCULLOCH, J.   While appellee was in the employment of appellant as switchman in its yards at Danville, one of appellant's flat cars, loaded with coal, came into the yards.   In switching it from one track to another, it became the duty of appellee to set the brakes on it, in doing which he fell in front of the moving car and sustained severe injuries by being run over.   The accident was caused by the absence of any nut to hold the wheel on top of the brake rod, in consequence of which the wheel came off when appellee took hold of it and precipitated him to the ground.   It is complained that appellant negligently permitted this car to be in this dangerous condition when it either knew or ought to have known of its defective character.

We do not see that any contributory negligence can be charged upon appellee.   He had a right to presume the car was in good condition, and seems to have acted with that degree of prudence and circumspection which the circumstances surrounding him, so far as they were apparent, demanded.

Was appellant guilty of negligence in permitting the car to come into the yard in such a condition as to expose appellee to danger?   This was the only question for the jury to determine.   The court instructed the jury that it was the imperative duty of appellant to furnish its cars with suitable and safe machinery for braking, checking and stopping the same, and to keep such machinery in repair.   It is not the law that the employer is bound to insure his employe against accidents resulting from defective tools or machinery, but his duty in that

regard is discharged when he has exercised a high degree of vigilance and care to guard against accidents from that cause. The instruction in question was capable of being interpreted by the jury as making appellant an insurer of the safe condition of its cars, and in the light of the evidence we think they must have so understood it. C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 545.

The car in question came into appellant's yards loaded with coal in the regular course of business. There is no evidence whatever that it was out of repair or in any way dangerous when it left the shops, or when it left the last car inspecting station. Nor is there any evidence of any actual notice of its dangerous condition having come to any person whose duty it was to see to its being put in repair. There is therefore no actual notice brought home to appellant. Richardson v. Cooper, 88 Ill. 270.

It is contended that the car had been in that condition long enough to have apprised appellant thereof, if it had been in the exercise of proper diligence. The testimony of another person employed in the yards was, that he had observed the defect three or four hours before the accident. This man was not a car inspector nor in any way responsible for its defective condition, any more than was appellee himself. Nor does it appear that there was a car inspector at that point. It must be obvious to any one that these cars are liable to get out of order while running at the rapid rate they are required to run, and this is one of the risks the employes assume. If the car is in good order when placed upon the track, the company can not be held responsible for defects arising from use while running until notified of such defects, or until in the exercise of such vigilance as the law requires of it, it could and would have learned of such defect. It is the duty of the employes of such company, to notice such defects and to report the same to their employers, but if they fail to do so and injury result to other employes in the same line of duty, from a want of such report, the common employer can not be held liable for such injuries, if free from negligence in other particulars.

If the nut in question had been off for any considerable

Dayton v. Citizens Nat'l Bank.

length of time before the car came into the yards, it is more than likely it would have been noticed by the brakemen on the train; but there is no evidence to that effect.

It is also in evidence that the car in question, with many others of like construction, was often used to transport lumber and in doing so it became necessary to remove this wheel. If in replacing the wheel some one omitted to replace the nut, or in replacing it failed to secure it properly, it does not appear who was guilty of such default. It may have been through the neglect of a fellow servant of appellee engaged in the same line of duty. If so, appellant is not liable therefor.

The only evidence relied upon for a recovery in this case, is the absence of the nut from its proper place at the time of the accident. Unless we hold appellant an insurer of the safe condition of all its cars, this is not sufficient to sustain a recovery. It may well be attributed either to the ordinary liability to accidents resulting from use, or from the neglect of fellow servants; in neither of which cases would appellant be liable without notice, either actual or constructive. The judgment will therefore be reversed and the cause remanded.

Reversed and remanded.