## DORA WIDER
## v.
## J. W. BRANCH.

1. AGENCY.—To create responsibility on the part of the principal, the agent must not only have been acting as agent but must have been acting within the general scope of his authority as such agent.

2. WHEN PRINCIPAL IS CONCEALED AND CREDIT GIVEN SOLELY TO AGENT.—Where the principal is concealed and the credit is given solely to the agent and subsequently the principal is discovered, to create liability on the part of the principal it must appear from the evidence that the agent at the time of the indebtedness was acting within the general scope of his authority as such agent, or that the act of the person acting as agent was in some manner with a knowledge of the facts, ratified by the principal, or that the principal knowingly enjoyed the benefits of the transaction.

3. IMPLIED AGENCY.—An implied agency is never construed to extend beyond the obvious purposes for which it is apparently created. The intention of the particular case, constitutes the true ground of every exposition of the extent of the authority, and when that intention can not be clearly discovered, the agency ceases to be recognized or implied.

4. THE SAME.—If the implied agency arises from the employment of the agent in a particular business, it is in a like manner deemed to be limited to that particular business. And the authority must be implied from facts which have occurred in the course of such employment and not from mere argument as to the utility and propriety of the agent's possessing it.

5. THE SAME.—An authority to buy and sell goods does not confer the authority upon the agent to bind the principal by drawing and indorsing bills and notes. In such a case the rule of law is that no agency will be inferred or implied unless there be some evidence of recognition in that particular case or in similar cases.

6. INSTRUCTIONS.—The first and third instructions for appellee in this

Wider v. Branch.

case, are erroneous, the first not being based on the evidence, and the third being an inaccurate statement of law, for even if it had been shown by the evidence as stated in the instruction that appellant got the benefit of the money borrowed by her husband, it would not mak᾽ her liable for the debt. At the most it would only be a circumstance tending to show liability on her part.

7. HUSBAND AGENT OF WIFE.—Appellant's husband was a clerk or superintendent in her drug store. He had general charge of the business. But appellant owned the store, the bills were made to her and paid by her and she was at the store part of the time. *Held*, that as the evidence did not disclose any general or special authority or custom or usage authorizing appellant's husband to borrow money for appellant and there being no evidence of any ratification on her part, she can not be held liable for the amount borrowed.

APPEAL from the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding. Opinion filed April 13, 1883.

Mr. J. B. MESSICK and Mr. B. H. CANBY, for appellant; as to when a principal will be bound by acts of his agent, cited Story on Agency, §§ 442, 443; Edwards on Bills and Notes, § 83.

The agent acts by a delegated authority, and when no one has been misled by the conduct of his principal, there is no ground for presuming or inferring a relationship which did not really exist: Rawson v. Curtis, 19 Ill. 456; St. John v. Redmond, 9 Porter, 426; Chitty on Bills, 31.

An agent to sell, if the usages of the trade authorize it, may sell on credit not exceeding the usual credit, but without such usage, an authority to sell is construed to be limited to a sale for money: Story on Agency, § 77; 2 Kent's Com. 622, 623.

Power to receipt for money does not give power to release security; authority to loan money confers no authority to collect: Clark v. Smith, 88 Ill. 298; McHary v. Schenk, 88 Ill. 357; Cooley v. Millard, 34 Ill. 68; Story on Agency, § 78.

An agent has no authority to make or accept or indorse commercial paper for his principal without direct and specific authority from the principal: 1 Daniel on Negotiable Instruments, 22; Byles on Bills, 32; Sewanee Mining Co. v. McCall, 3 Head, 619; Hills v. Upton, 24 La. Ann. 427; 1 Par-

sons on Contracts, 62; Robertson v. Levy, 19 La. Ann. 327; White v. Westport M'f'g Co. 1 Pick. 215; Paige v. Stone, 10 Metc. 160; Scarborough v. Reynolds, 12 Ala. 252; Parsons on Notes and Bills, 196; Smith v. Gibson, 6 Blackf. 369; 1 Parsons on Notes and Bills, 116; 1 Daniel on Negotiable Instruments, 221.

Authority to an agent to make purchases and pay for them, or to buy and sell goods, does not authorize the giving of a note or accepting a draft for the amount: Brown v. Parker, 7 Allen, 339; Tabor v. Cannon, 8 Metc. 456; Rossiter v. Rossiter, 8 Wend. 494; Emerson v. Prov. Hat M'f'g Co. 12 Mass. 23.

A recovery can not be had upon the original consideration, without bringing the note into court to be canceled: Wash v. Lennon, 98 Ill. 27; Miller v. Lumsden, 16 Ill. 161.

No party can be charged as principal upon a negotiable instrument unless his name is thereon disclosed: Daniel on Negotiable Instruments, § 303 ; Slawson v. Lorring, 5 Allen, 340; Pentz v. Stanton, 10 Wend. 271; Hyde v. Page, 9 Barb. 150; Arnold v. Stackpole, 11 Mass. 27; Bass v. O'Brien, 12 Gray, 477; Arnold v. Sprague, 34 Vt. 409; Byles on Bills, § 27; 1 Parsons on Notes and Bills, 92.

A power of attorney authorizing an agent to demand, sue for, recover and receive, all moneys, debts and dues, and to give sufficient discharges thereof, does not authorize such agent to indorse bills for his principal: 1 Parsons on Notes and Bills, 106; Daniel on Negotiable Instruments, § 297.

Mr. M. MILLARD, for appellee; that a general agent's powers can not be limited by private instructions: cited Story on Agency, §§ 93, 126, 127; Noble v. Nugent, 89 Ill. 522; U. S. Life Ins. Co. v. Advance Co. 80 Ill. 549; Harris v. Simmerman, 81 Ill. 413; Doan v. Duncan, 17 Ill. 272.

The declarations of an agent to the extent of his apparent authority are received as the admissions of the principal: Story on Agency, §§ 134, 452; Bloomer v. Denman, 12 Ill. 240.

Where the principal is concealed and credit is given solely

Wider v. Branch.

to the agent, a recovery can be had against the principal when discovered: Doan v. Duncan, 17 Ill. 272; Story on Agency, §§ 291, 446; Wade on Notice, § 671; Beymer v. Bonsell, 79 Penn. 298.

CASEY, J.. The facts in this case, briefly stated, are, that some time in the month of October, 1879, one Ernest W. Wider, the husband of appellant, borrowed of appellee five hundred dollars and gave him his note therefor payable in ninety days from date. This note he renewed from time to time, until on June 21, 1880, he executed his individual promissory note, payable to the order of Branch, Crooks & Co., for the sum of four hundred and fifty-six dollars and thirty cents, due ninety days after date, which he delivered to appellee. At the time this note was given, appellant was, and for some time prior thereto had been, the owner of a drug store in the city of East St. Louis, which she had purchased of one John J. McLean, he having bought it at an execution sale against the firm of E. W. Wider & Co., Ernest W. Wider being a member of that firm. McLean, it seems, had owned the store and had it in his possession for two or three years before he sold it to appellant, the business being conducted by him under the old firm name of E. W. Wider & Co., and Ernest W. Wider acting as his agent in running the store. After appellant bought the store, she continued to do business under the old firm name, and Ernest W. Wider, her husband, acted as her agent in buying and selling drugs. Appellee, at the time he loaned the money to Ernest W. Wider, did not know appellant, and did not become acquainted with her until after the death of her husband, which occurred in 1881. He then brought this suit against appellant to recover the amount due upon the note given by Ernest W. Wider to him as aforesaid, upon the ground that in borrowing this money the said Ernest W. Wider was acting as the agent of appellant.

The cause was heard in the City Court of East St. Louis, and judgment for appellee for the amount claimed.

Upon the trial of the cause the court instructed the jury for appellee as follows:

1. If the jury believe from the evidence that the money was borrowed by Mr. Wider, as defendant's agent, and used in paying bills incurred in conducting defendant's business, or otherwise applied for her benefit, the plaintiff is entitled to recover; and the fact that he signed a note to evidence the debt makes no difference if the defendant got the money, or it was expended for her benefit; she is bound to pay it back.

3. If Mrs. Wider got the benefit of the money borrowed by her husband from the plaintiff, it makes no difference whether he was authorized to borrow it or not; her retention of the money, if from the evidence you believe she got the benefit of it—her enjoyment of it, is a ratification of the loan, and makes her liable for the debt.

Exceptions were taken to the giving of these instructions.

There is no evidence whatever in the record, that appellant received any benefit from the money borrowed, or had the use or enjoyment of it. It is a familiar principle that instructions must be based on the testimony. Sprague v. Hazenwinkle, 53 Ill. 419; Anderson v. Ketchum, 77 Ill. 377; Halcomb v. Davis, 56 Ill. 413.

The only evidence of any kind that there is in the record on that subject is that appellant's husband stated at the time of getting the money that he desired to pay bills with it; what bills does not appear. There is no evidence to show that it was to pay bills due by appellant, and we can not presume or infer without evidence, that such was the object of appellant's husband. Neither is there any evidence to show that appellant at any time received any benefit whatever from the borrowed money, or that any part of it was used in the transaction of her business. The only evidence upon that subject is the testimony of appellant, and she states that she did not know that her husband obtained the money, and that it was not used in her business; nor did she receive any benefit from it. The first instruction assumes that the agent was acting within the scope of his authority. That instruction is broader than was justified by the evidence as disclosed by the record, and the evidence did not justify the court in giving it. T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309.

The third instruction does not state the law correctly; the mere fact if it had been shown by the evidence, as stated in the instruction, that appellant got the benefit of the money, would not make her liable for the debt. It would be at most a circumstance tending to show liability on her part.

To create responsibility on her part, her husband must not alone have been acting as her agent, but in borrowing the money must have been acting within the general scope of his authority as such agent, and without these facts appearing from a preponderance of the evidence, there could be no recovery in this action.

There is no pretense in this case, nor any evidence to show that appellee knew or thought at the time he loaned the money to appellant's husband, that he was acting as her agent. He gave the credit to Wider. In his testimony he says that he became acquainted with appellant since the commencement of this suit; that he did not know her at the time the note was given. That he expected to hold Wider for the payment of the note. That he first concluded to hold appellant responsible for this indebtedness when he learned that Wider was insolvent. That he was not acquainted with Wider's financial standing at the time he loaned him the money.

From this testimony, and from other statements made by appellee to which I need not refer, it is clear and beyond question that at the time appellee loaned the money there was no intention upon his part to hold appellant responsible for the borrowed money; and neither was any such intention exhibited for more than two years afterward, when he was advised he might successfully prosecute his suit against appellant.

But it is insisted that in a case of this character the right of recovery exists because the principal was concealed, the credit was given solely to the agent, and that subsequently the principal was discovered.

This is undoubtedly a correct proposition so far as it is stated, but it is not alone sufficient to discover the principal; in addition to that fact it must appear from the evidence that the agent, at the time of creating the indebtedness, was acting

within the general scope of his authority as such agent, or that the act of the person acting as agent was in some manner, with a knowledge of the facts, ratified by the principal, or that the principal knowingly enjoyed the benefits of the transaction.

It is admitted that even if the agent had, in borrowing the money, gone beyond the scope of his agency, yet if the principal, upon a full knowledge of all the circumstances of the case, deliberately ratified the act, appellant would be bound thereby as fully to all intents and purposes as if she had originally given him direct authority in the premises.

Appellant's husband, as appears from the evidence, was a clerk or superintendent in the drug store, she herself being there part of the time. There is no usage or custom shown to the effect that her husband was in the habit of borrowing money to aid in the transaction of the business. He simply had general charge of the business in disposing of the goods. The bills were made to appellant and paid by appellant.

It not appearing from the evidence that there was any general or special authority or custom or usage authorizing appellant's husband to borrow money for appellant, and there being no evidence of any ratification on the part of appellant, we are unable to perceive any liability on her part.

It is certainly clear that there was no express agency in this case authorizing the borrowing of money. An implied agency is never construed to extend beyond the obvious purposes for which it is apparently created. The intention of the particular case constitutes the true ground of every exposition of the extent of the authority, and when that intention can not be clearly discovered the agency ceases to be recognized or implied. If it (the implied agency) arises from the employment of the agent in a particular business, it is in a like manner deemed to be limited to that particular business. And the authority must be implied from facts which have occurred in the course of such employment, and not from mere argument as to the utility and propriety of the agent possessing it. If it arises from an authority to do a single or particular act the agency is limited to the appropriate means to accomplish

that very act and the agency stops there. Story on Agency, 106.

An authority to buy and sell goods does not confer the authority upon the agent to bind the principal by drawing and indorsing bills and notes. The rule of law in such cases is that no agency will be inferred or implied unless there be some evidence of recognition in that particular case or in similar cases. Courtien v. Tonse, 1 Camp. 43; Smith v. Gibson, 6 Blackford, 369; Terry v. Fargo, 10 Johns. 114; 2 Starkie, 368.

For the foregoing reasons the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.