## CHICAGO, BURLINGTON & QUINCY R. R. CO.
## v.
## WILLIS J. MONTGOMERY.

1. NEGLIGENCE—BURDEN OF PROOF.—Where a railroad employe is injured while uncoupling cars, to create a liability he must show. 1, the defective condition of the car; 2, an injury resulting therefrom; 3, notice actual or presumptive of such defect to the owner; 4, that the party injured was in the exercise of ordinary care.

2. RISKS OF EMPLOYMENT.—Where foreign cars coming into the yard day after day are peculiarly hazardous, in the manner in which the coupling apparatus and bumpers are constructed, and that fact is as well known to the employe as the employer, if the employe continues in the employment with such knowledge, he assumes the risk of the employment.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed July 3, 1884.

Mr. J. F. CARROTT, for appellant; that the burden of proof rests upon defendant to show some specific negligence on the master's part which caused the injury, cited 2 Thompson on Negligence, 1053; Shearman and Redfield on Negligence, §§ 87, 88; Wood on Master and Servant, § 346; Beaulien v. Portland Co., 48 Me. 291; C. C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545; C. & A. R. R. Co. v. Platt, 89 Ill. 143.

Mr. WM. H. BARNES and Mr. WM. L. AARON, for appellee; cited C. & A. R. R. Co. v. Bragonier, 11 Bradwell, 517; Morris v. Gleason, 1 Bradwell, 514; C.B. & Q. R. R.Co. v. Avery, 8 Bradwell, 133; C. & E. I. R. R. Co. v. Hager, 11 Bradwell, 500.

McCULLOCH, J.   Appellee in this case is a railroad man of several years experience, and at the time of receiving the injury complained of was in the service of appellant as switchman in its yards at Quincy.   A foreign car had come into the yard in a somewhat damaged condition as to one of its doors, but this damage had been repaired.   It had been in the yard for several days, so that appellant had ample time,

through its servants, to have discovered other defects if any had existed. Upon inspection none were discovered and the car was being loaded for a long trip eastward where it belonged. Under these circumstances the duty devolved upon appellant to use diligence in seeing that the cars were in a safe condition to be handled by its employes.

But this is not a case where the mere happening of an accident, such as is complained of, affords any presumption that the car was in a defective condition. The burden of proof is upon the party receiving the injury to show negligence on the part of the owner of the car. I. C. R. R. Co. v. Houck, 72 Ill. 285. Where a train leaves the track and injures a passenger, or a boiler explodes and does damage to a by-stander who is not in fault, or where fire is communicated to grass on the right of way, negligence may be presumed. But in this case the plaintiff below was in the act of uncoupling the cars, and while in the performance of that act his hand and arm were caught between them. We are now asked to infer from that fact (and upon this point counsel for appellee rests his entire argument), that the car was out of order. This we can not do.

Four things are necessary to create a liability in such cases. First, the defective condition of the car; secondly, an injury resulting therefrom; thirdly, notice, actual or presumptive of such defect to the owner; fourthly, that the party injured was in the exercise of ordinary care.

Each party will be bound to exercise a degree of care corresponding to the dangers incident to the situation: the owner to see that the cars are in a safe condition to be put into the hands of his employes, the employe to see that he is not running into apparent danger.

In this case appellee could only show that while in the exercise of due care an accident happened which caused him the injury complained of. From this fact alone, we are asked to infer that the car was in an unfit condition to be placed upon the road, and that the defect was of such a nature that it ought to have been discovered by appellant's servants. This would be a shifting of the burden of proof upon appellant. There

is no question but that if the car was defective in the respect complained of, and that if such defect was apparent upon examination, appellant ought to have known it. Neither is there any question but that appellee received the injury by having his hand and arm caught between the cars. It may also be assumed from the proof that he was in the exercise of due care. Then we are asked to infer that the car was defective in such a particular as to have attracted the attention of appellant's servants charged with that duty; for negligence can not be imputed to appellant in regard to latent defects not discoverable from the usual tests. T. P. & W. Ry. Co. v. Conroy, 61 Ill. 162; C. & A. R. R. Co. v. Platt, 89 Ill. 141; Same case in this court, *ubi supra;* Richardson v. Cooper, 88 Ill. 270.

In this case the evidence shows that the two cars appellee was attempting to uncouple were constructed alike. On each side of the draw-bar there was a box-shaped cast-iron "bumper," above which the arm had to be raised and the hand lowered between them in order to draw the pin. Appellee had his hand upon the pin when the slack was given by the engineer. Just at that moment the pin ought to have been drawn, but instead of that, for some unexplained reason, appellee's hand and arm were caught and crushed. Evidently his arm was caught between the "bumpers," for there was no other way it could have been caught. The hand could not have been caught between the heads of the draw-bar, for it was then upon the pin. Appellee thinks the draw-bar gave way and slipped under the body of the car. It is impossible to see how this alone would have caused the injury, for the "bumpers" were there to arrest its motion. In fact it is shown when the momentum is great, the "bumpers" will come together when the draw-bars are in perfect condition, and their principal object seems to be to relieve the strain upon the draw-bar and its springs when the cars come together with great force.

Just in what way appellee's hand and arm were caught, the proof fails to show. It is equally silent as to any defect in the car, or, if there was any such, it fails to show that it

was of such a nature as to charge appellant with negligence in not discovering it.

If there was anything peculiarly hazardous in the manner in which the coupling apparatus and bumpers were constructed, that fact was as well known to appellee as to appellant; and if he continued in the employment of appellant with the knowledge he had that such cars were coming into the yard day after day, he assumed the risk of the situation. I. B. & W. R. R. Co. v. Flanigan, 77 Ill. 365; Penna. Co. v. Lynch, 90 Ill. 335.

Had there been any patent defect in the car which rendered it dangerous to handle for want of proper repair, and appellee from his own failure to exercise reasonable care and caution had failed to discover it, then he might have been found guilty of such negligence as to preclude a recovery. But we see no room for the application of this docrine to the case under the proofs contained in this record. There is no patent defect shown, and consequently neither party can be charged with constructive notice of any such.

For the reasons herein given we are of the opinion that appellee wholly failed to make out his case, and the judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.