The Galesburg and Great Eastern Railroad Co.

*v.*

Newton M. Milroy *et al.*

*Opinion filed October 16, 1899.*

1. Appeals and Errors—*when amount of condemnation verdict will not be disturbed.* The amount of a condemnation verdict for land actually taken for-right of way will not be disturbed, on appeal, where the jury viewed the premises and the verdict is within the range of evidence; nor will the amount awarded as damages for depreciation in the value of land not taken be disturbed where the jury viewed the premises and the evidence is sharply conflicting.

2. Same—*when court's refusal to sustain objections to improper questions is not prejudicial.* The court's refusal to sustain an objection to improper questions is not prejudicial, when one of them was not answered and the other was replied to in such form as to render the error harmless.

3. Eminent domain—*depreciation in market value is the measure of damages to land not actually taken.* In condemnation proceedings to acquire a right of way, where land not taken will be depreciated in actual market value by reason of the construction of the road, damages are recoverable in a sum equal to such depreciation.

4. Same—*use to which land taken is adapted enters into the question of damages.* The value of land condemned for right of way should be estimated not only with reference to the use to which it is actually applied, but to the use to which it is adapted, if such latter use enters into and affects its market value.

5. Instructions—*when giving of instruction which does not enlighten the jury will not reverse.* The giving of an instruction which does not enlighten the jury on the issues is not reversible error, when, under the entire series, it could not have affected the verdict.

6. Same—*jury are presumed to consider instructions as a whole.* The jury are presumed, in assessing the damages in condemnation proceedings, to consider the instructions as a whole, and to notice the qualifications which one instruction makes on another.

Appeal from the County Court of Knox county; the Hon. Philip S. Post, Judge, presiding.

Carney, Shumway & Rice, for appellant.

James T. Wasson, Eugene W. Welch, and Williams, Lawrence & Welsh, for appellees.

Mr. Justice Phillips delivered the opinion of the court:

A petition was filed on October 5, 1898, in the county court of Knox county, by appellant, to condemn land for right of way. Cross-petitions by appellees were filed, alleging ownership of adjoining lands and claiming damages thereto by reason of the construction and operation of the railroad. On hearing, the jury found compensation and damage as follows: To Newton M. Milroy and Mary G. McCornack, $690.25; to Charles D. Clark, $600.95; to Frederick Becker, $506.90. The petitioner entered a motion for a new trial, which was overruled, to which ruling exception was taken. Petitioner brings the record to this court by appeal.

The only questions presented for adjudication were as to the market value of the land actually taken, and what, if any, damage was sustained to land not taken. Three different land owners whose lands were sought to be taken and who filed cross-petitions to recover damages to adjacent lands were involved in the one petition.

Some ten or twelve witnesses were examined on each side as to the value of the lands taken for use for right of way, and the verdict of the jury as to compensation for land actually taken is not greater than the value fixed by some of the witnesses for the petitioner and less than that placed upon it by the witnesses for the land owners, and in neither of the three cases was the compensation for the land actually taken in excess of the value as fixed by some of the petitioner's witnesses. The jury went upon and viewed the land, and we are satisfied the evidence warranted the finding of the jury, in each case, as to the compensation to be paid for land actually taken.

On the question of the depreciation in value of the land not taken, so far as the land owners Milroy and McCornack are concerned, some twelve witnesses testified for the land owners, and the average amount of damage,

taking the entire testimony of all these witnesses, is a depreciation in value of $927.08, whilst about the same number of witnesses called by petitioner fixed the amount of damage sustained by the land not taken at an average of $215. Here, again, the jury went upon the land and inspected the same, and by their verdict found the damage to the land not taken to be $550. It is clear that the evidence warranted this verdict. As to the land of Charles D. Clark, the jury found the value of the land taken to be $260.95 and the damage to land not taken to be $340. It was found that the value of the land of Frederick and Jane Becker taken for the use of the railroad was $306.90 and damages to land not taken was $200. In each case the jury went upon the premises, and their view of the premises is authorized to be taken by them as evidence in the case. Outside of the information derived by an actual view of the property, it is sufficient to say that the evidence is sharply conflicting, both as to the value of the land actually taken and the damage sustained by land not taken. The evidence is so conflicting that we would not feel warranted in disturbing the verdict of a jury, even though there was no actual view of the premises. Taking into consideration the information to be derived from the view of the premises, and the conflicting state of the evidence, we would not be authorized to disturb this verdict on a question of fact.

It is urged that there was error in the admission of evidence. The only questions pointed out in the brief of appellant on this branch of the case were the following: A witness was asked: "As to this fencing of the railroad, do you understand that they are not obliged to answer for damages to your stock if they get out of your fields?" The question was objected to by petitioner, objection overruled and petitioner excepted. It does not appear that any answer was made to this question. This question was then asked: "Did you consider the possibility of that being true?" which was objected to by petitioner,

objection overruled and petitioner excepted.   Witness then answered: "No, sir; I have not considered that." By this answer the petitioner was in no way prejudiced, and the error was harmless.   The questions were improper, as the only question to be determined as to land not taken was as to whether there was a difference in the actual market value by reason of the construction of the road. , (*Metropolitan West Side Elevated Railway Co.* v. *Stickney,* 150 Ill. 362; *Metropolitan West Side Elevated Railroad Co.* v. *White,* 166 id. 375.)   And whilst these questions could in no manner throw any light on the issue, and the objections thereto should have been sustained, yet one of them having no answer and the other being answered in the form it was, rendered the error harmless.

It is urged there was error in giving the twelfth and fifteenth instructions asked by land owners.   These instructions are almost identically the same, the difference being that reference is made to the amount of damages, if any, sustained by two different land owners by name, and to which they would be entitled if certain acts were shown.   The effect of the two instructions is to tell the jury that if the land not taken will be depreciated in actual market value by reason of the building of the road through it the jury should fix the damages at a sum equal to such depreciation.   In this there was no error.   *Metropolitan West Side Elevated Railway Co.* v. *Stickney, supra.*

It is insisted that the seventeenth instruction is erroneous, as it impresses on the jury that damages other than to the market value should be considered.   That instruction is as follows:

"The owner of the land is entitled to the use and enjoyment of the same for the highest and best use to which it is adapted, and if you find, from all the evidence, that a large portion of the Milroy farm is by the proposed railroad cut off from the water supply and the several parts rendered inconvenient of access, so that the whole farm is depreciated in market value and damaged for all

time, then you should take such facts into consideration in estimating the damages."

Where land is condemned its value should be estimated not only with reference to the use to which it is actually applied but to the use to which it is adapted, if such latter use enters into and affects its market value. By the conclusion of the instruction the jury are expressly directed, if they find certain facts, to take them into consideration in estimating whether there is a depreciation in the market value of the farm as used and to the use to which it could be adapted. It was not error to give this instruction. *Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547.

Objection is taken to the eleventh instruction, which is to the effect that the railroad company is not bound to fence its track during the first six months, nor is it liable, after fencing its track, for any loss or damage accruing to the land owner by reason of stock escaping through any defective fence and getting onto the land of others, or getting into the cultivated fields of the land owner and destroying his crops, but only for damage to stock on its right of way, etc. The jury were clearly instructed with reference to the questions to be taken into consideration by them in determining the compensation to be paid for land taken and in determining damages to be awarded by depreciation in the market value of land not taken. The eleventh instruction in no way enlightened the jury on any of these questions, and was clearly improper and should not have been given. Its statement of propositions of law, so far as correct under the entire series of instructions, could not have affected the verdict. The jury are presumed, in making up their verdict in this class of cases, to consider the instructions as a whole and to notice the qualifications which one instruction makes on another. (*Toledo, Wabash and Western Railway Co.* v. *Ingraham,* 77 Ill. 309; *Cunningham* v. *Stein,* 109 id. 375.) With the full and explicit instructions correctly

given both for the petitioner and the land owners, it is apparent instruction 11 could not have misled the jury.

There is no such fatal error in this case as would authorize a reversal, and the judgment of the county court of Knox county is affirmed. *Judgment affirmed.*