THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

WILLIAM PLATT.

89    141
35a   640
89    141
143   256
89    141
42a   628
89    141
48a   235
89    141
64a   189
89    141
68a   167
89    141
181    20
85a    18
85a   411

1. NEGLIGENCE—*liability of railroad company to servant for injury.* While a railroad company is required to use the highest diligence in furnishing such cars and fixtures thereto, yet it is-not an absolute insurer, and can not be held liable for defects of which such diligence would not inform it. Actual knowledge of the defect is not necessary, it being sufficient that the company might have been informed by the use of such diligence as the law imposes upon it, but when it did not know, and could not have informed itself of the defect, the company is not liable for an injury caused by such defect.

2. If a brakeman or servant of a railway company receives an injury from a defective ladder attached to a freight car in use, knowledge must be brought home to the company, or proof made that it was ignorant of the same through negligence or want of that care which the law requires, or in other words, it must be shown that the company either knew or might have known the defect causing the injury, to make it liable for such injury.

APPEAL from the City Court of Alton; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. C. P. WISE, for the appellant.

Mr. ALEXANDER W. HOPE, and Mr. JOHN F. McGINNIS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought to the City Court of Alton, by William Platt, plaintiff, and against the Chicago and Alton railroad company, defendant, to recover damage for a personal injury. The injury consisted in bruising one of the legs of the plaintiff, rendering amputation below the knee necessary, and was caused by a defective ladder which plaintiff was obliged to use in the performance of his duty as a brakeman. The car on which was this defective ladder was a stock car, and, to all appearances, in good condition and repair in all respects, no defect in the ladder being visible or known to the defendant.

Much testimony was heard on the trial, and the jury, under instructions, found a verdict for the plaintiff, assessing his damages at five thousand dollars. On motion for a new trial, the plaintiff remitted fifteen hundred dollars, and judgment was rendered for three thousand five hundred dollars, the motion being denied.

To reverse this judgment the defendants appeal, and assign as error the refusal to grant a new trial, and misdirection of the jury.

We will not discuss the first ground urged for reversal, but confine our attention to the instruction of which complaint is made. This is as follows:

"If the jury believe, from the evidence, that the plaintiff was a brakeman on the freight train of said defendant, and while in such employ, and in the discharge of his duty, it was necessary to go up on the cars, and, while going up on the side of one of the cars on said train, the top step or round gave way or pulled out, through a defect in the same, the jury will find for the plaintiff, if the jury further believe, from the evidence, that the plaintiff never saw the car before and had no notice of its defects."

It is claimed by appellants, this instruction was calculated to mislead the jury, and is opposed to previous rulings of this court on the same point.

It seems to us the instruction was too broad, and calculated to prejudice the defendant's case, and did not declare the law as understood by this court. The instruction makes the supposed facts therein stated, conclusive, when the facts stated might exist and yet the defendants be free from negligence. So far as is shown by the testimony, the car in question was in good order in all respects. This instruction omits an important element, and necessary to charge the company, and that is, knowledge on the part of the company of the defect in the ladder, or their ability to acquire this knowledge by the

exercise of the highest degree of care bestowed upon its construction and then condition.

The rule is settled, that while a railroad company is required to use the highest degree of diligence in furnishing safe cars and fixtures thereto, yet it is not an absolute insurer, and can not be held liable for defects of which such diligence would not inform it. Actual knowledge of the defect is not necessary, it being sufficient that the company might have been informed by the use of such diligence as the law imposes upon it, but when it did not know, and could not have informed itself of the defect, the company can not be held responsible. *Toledo, Peoria and Warsaw Railway Company* v. *Conroy*, 61 Ill. 162.

It is said by appellee, the rule as given in *Toledo, Wabash and Western Railway Company* v. *Ingraham*, 77 Ill. 309, is, in some respects, different from the above. The case above cited, 61 Ill., is quoted approvingly by the court in *Ingraham's case*, and is the very language of the opinion, and the instruction commented upon was held to be objectionable, but that the defect was cured by other instructions in the series.

In *Columbus, Chicago and Indiana Central Railway Company* v. *Troesch*, 68 Ill. 545, it was said, if injury arises from a defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defect or insufficiency must be brought home to the master, or proof made that he was ignorant of the same through his own negligence or want of care—in other words, it must be shown he either knew, or ought to have known, the defect which caused the injury. The words "ought to," may be a misprint for "might," which would, perhaps, be the proper expression. It will not be contended that a railroad company would be responsible for a latent defect in the boiler of the engine, or for a flaw in a broken rail, of which they had no knowledge, everything to the eye appearing right, and the usual tests discovering no defect. The car in question was in good condition. The screw holding the round of the ladder may have lost its hold

upon the wooden upright at a moment before it was grasped by the brakeman. It would be a very rigid rule to hold the company liable without any proof they knew, or had reason to know, the fastening was defective.

We do not think the instruction given was correct. Given, as it was, on behalf of the plaintiff, it may have had the effect to nullify those given on the part of the defendant on the same point, and may have confused and misled the jury. For the reasons given the judgment is reversed, and the cause remanded.

*Judgment reversed.*