8    583
112   4238
e112  4239

## JOHN KRANZ
### v.
## MARY WHITE.

1.  MASTER AND SERVANT.—As between employer and employe, the law imposes upon an employer only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery, and in selecting and retaining in his employ competent and skillful employes.

2.  FELLOW SERVANT.—An action will not lie by a servant against his master for an injury sustained by reason of the negligence of his fellow servant in the same line of employment, where the employer has exercised due care and diligence in the selection of such fellow servant.

3.  DEFECTIVE MACHINERY.—Where an employe suffers injury by means of a defect in machinery furnished by his employer, knowledge of the defect must be brought home to the employer, or it must appear that he was ignorant of the same through his own negligence or want of care.

4.  PRIMA FACIE EVIDENCE OF NEGLIGENCE.—As between an employer and a person operating machinery, or a fellow servant, the fact that the machine exploded is not *prima facie* evidence of negligence.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed June 14, 1881.

This was an action on the case brought by Mary White against John Kranz, to recover damages for a personal injury received by the plaintiff while in the employ of the defendant. On the 10th day of September, 1879, the date of the injury, the defendant was engaged in the business of manufacturing and selling candy and soda-water, the entire business being carried on in one building for the manufacture of candy; the

defendant had in use a steam engine and boiler, and for the manufacture of soda-water a carbonic acid gas generator, both of which were in charge of one William O'Donnell, an employe of the defendant. The plaintiff at the time was, and for a little over a year had been, working, for the defendant her employment then and for three or four months prior to the injury being the packing of candy in a room in the basement of the building, where a large number of other girls were also employed, some packing candy and others engaged in some part of its manufacture. The generator stood near one corner of the same room against the wall, the plaintiff's place being about two feet from it. On the day above named, while said O'Donnell was operating the generator, it exploded, severely injuring the plaintiff.

The declaration contains two counts: the first of which charges that the defendant wrongfully and negligently suffered and allowed said gas-generator to be and remain in an unsafe, insecure and dangerous condition, and wrongfully and negligently suffered and caused it to be filled while in such condition with explosive and expansive materials beyond its capacity for resistance, by means whereof it exploded and injured the plaintiff. The second count charges that the defendant wrongfully and negligently used and managed said generator in an unskillful and dangerous manner, and employed unskillful and incompetent servants in the management of the same and caused it to be filled with explosive and expansive materials beyond its capacity for resistance, by means whereof it exploded and injured the plaintiff.

The points of controversy at the trial were: 1, the condition of the machine; and 2, the competency of O'Donnell to use and manage it. Evidence was given on behalf of the defendant, tending to show that the machine was properly constructed; that it had been thoroughly overhauled and repaired by competent and skillful mechanics a few months before the accident, and was safe and in good order and repair. Evidence was also introduced, tending to show that O'Donnell had operated it for several years, and that he was competent and possessed sufficient skill and experience to manage and operate it

Kranz v. White.

properly and safely.    The court, at the instance of the plaintiff, gave to the jury the following instructions, the giving of which is assigned for error, viz:

" 1.    The jury are instructed that if they believe from the evidence that any part of the machinery in question in this case was defective, and that the same was not subjected to a careful examination by prudent men on behalf of the defendant, and that the explosion was occasioned by such defective part, and that the plaintiff was directly injured thereby, without being in any way connected with the management of said machinery, then the jury should find for the plaintiff, and assess damages against the defendant for such an amount as the evidence will legally warrant.

" 2.    The jury are instructed that the mere fact that the generator exploded, if such explosion has been proved by the evidence, and that the plaintiff was in no way connected with the management of said generator, if such has been proved by the evidence, is *prima facie* evidence of negligence.

" 3.    The jury are instructed that the defendant, in the management of his business, must provide and use properly constructed machinery well constructed by competent and skillful workmen, out of good materials, and he must employ competent, skillful and prudent men to use such machinery, and in so doing they must be careful in its examination, to see that it is in proper repair and in safe condition; and if they believe from the evidence in this case that the defendant failed to do his duty in any of these regards, and the explosion referred to in this case resulted from such failure, and that the plaintiff was injured thereby, then they should find for the plaintiff."

The jury found the defendant guilty, and assessed the plaintiff's damages at $2,000, for which sum and costs judgment was rendered against the defendant.

Messrs. McClellan, Tewkesbury & Cummins, for appellant; that the master is not a guarantor of the safety of machinery used by his servants, and is only bound to reasonable care in providing suitable machinery, cited Shearman and Redfield on Negligence, § 87.

A master is not liable to a servant for an injury to a fellow servant in the same line of employment: C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302; Ill. Cent. R. R. Co. v. Cox, 21 Ill. 20; C. & A. R. R. Co. v. Keefe, 47 Ill. 108; C. & A. R. R. Co. v. Murphy, 53 Ill. 339.

The instruction given for plaintiff was misleading, there being no evidence of any defect in the machinery: Nichols v. Bradsby, 78 Ill. 44; Wenger v. Calder, 78 Ill. 275; Alexander v. Mt. Sterling, 71 Ill. 366; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 117; I. & St. Clair v. Miller, 71 Ill. 463; Herrick v. Gary, 83 Ill. 85; Cushman v. Cogswell, 86 Ill. 65; Howe S. M. Co. v. Layman, 88 Ill. 39.

Messrs. HYNES, ENGLISH & DUNNE, for appellee; that explosion of the machinery is *prima facie* evidence of negligence, cited Ill. Cent. R. R. Co. v. Phillips, 49 Ill. 234; T. P. & W. R. R. Co. v. Moore, 77 Ill. 217.

This was not one of the risks appellee assumed when entering appellant's employ, and the law imposes upon him the duty of explaining to her the hazards of the business; Combs v. New Bedford Co. 102 Mass. 572; Sullivan v. India M'f'g. Co. 113 Mass. 396; Hill v. Gurt, 55 Ind. 45; St. L. etc. R. R. Co. v. Valisius, 56 Ind. 511.

The employer is bound to supervise and test his machines as often as custom and experience require: 2 Thompson on Negligence, 984; Ill. Cent. R. R. Co. v. Phillips, 49 Ill. 234.

BAILEY, J. The only questions we need consider in this case are those which relate to the instructions to the jury given at the instance of the plaintiff. The rule is well settled that as between employer and employe, there is no implied warranty on the part of the employer as to the fitness or soundness of the machinery furnished, or as to the competency of his other employes. The law imposes upon the employer only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery, and in selecting and retaining in his employ ·competent and skillful employes. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. C. & I. W. R.

R. Co. v. Troesch, 68 Id. 545; Wright v. N. Y. Cent. R. R. Co. 25 N. Y. 562; North Chicago Rolling Mills Co. v. Monka, 4 Bradwell, 664; Price v. Henagan, 5 Id. 234; Shear. & Red. on Neg., Sections 86, 87 and 97, and authorities cited.

The plaintiff's third instruction is manifestly at variance with this rule. It holds that the defendant, in the management of his business, " Must provide and use properly constructed machinery, well constructed by competent and skillful workmen, out of good materials, and he must employ competent, skillful and prudent men to use such machinery, and in so doing they must be careful in its examination to see that it is in proper repair and in safe condition;" and that if the defendant is shown to have failed in the performance of his duty in any of these respects, and that the explosion in question resulted from such failure, thereby injuring the plaintiff, the defendant is liable. By the rule thus announced, the duty of the defendant to provide safe and suitable machinery, and to employ competent, skillful and prudent men to operate it, was made absolute, thus in effect making him a warrantor or insurer of the sufficiency and safety of the machinery, and the competency of the employes in charge of it. The rule that his duty only extended to the use of reasonable and ordinary care and diligence in these respects was totally ignored.

But the instruction goes further, and holds not only that the defendant was bound to place his machinery in the hands of competent operatives, but that such operatives were bound to be careful in the examination of the machinery, to see that it was in proper repair and in safe condition, and that their failure so to do, if proved, rendered the defendant liable. This doctrine is announced without reference to the alleged relation between the plaintiff and the person in charge of the machine as fellow servants in the same line of employment. Whether they occupied that relation was a fact to be determined by the jury from the evidence, and the law is too well settled to admit of discussion, that an action will not lie by a servant against his employer for an injury sustained by reason of the negligence of his fellow servant in the same line of employment, where the employer has exercised due care and dili-

gence in the selection of such fellow servant. T. W. & W. R'y Co. v. Moore, 77 Ill. 217.; C. C. & I. C. R'y Co. v. Troesch, 68 Id. 545.

The plaintiff's first instruction is also obnoxious to serious criticism. It directed the jury to find the defendant guilty in case they believed from the evidence the following facts, viz : that any part of the machinery in question was defective; that it was not subjected to a careful examination by prudent men on behalf of the defendant; that the explosion was caused by such defective part; and that the plaintiff was directly injured thereby, without being in any way connected with the management of the machinery.

Who were meant by the words, "prudent men," as here employed, is by no means clear, but it would seem to be most consistent with the general scope of the instruction to understand them as signifying men possessing peculiar prudence, knowledge and skill in the construction and use of this particular machinery, or in other words, men who may be properly classed as experts in its use. It was undoubtedly the duty of the defendant to use reasonable and ordinary care and prudence, not only in the original selection of the machinery, but also in discovering imperfections and defects therein, and keeping it in repair. The particular means however which he was bound to use for the discovery of defects, was of necessity governed by the peculiar circumstances of the case, and involved a question of fact rather than of law. If under all the circumstances, a reasonably prudent man would have employed experts to examine the machinery to ascertain its condition, the defendant was bound to adopt that expedient, and not otherwise. But the instruction seems to enjoin its adoption as a legal duty, wholly irrespective of the nature and circumstances of the machinery, or of any other means the defendant had employed, or might have employed for the same purpose.

But the instruction is still more objectionable in another respect. It holds that the defendant, if he failed to procure a careful examination of the machinery by prudent men, was liable to the plaintiff for an injury caused by a defect therein,

Kranz v. White.

irrespective of whether the defect was of such a nature as to be susceptible of discovery by examination or not. The rule is, that where an employé suffers injury by means of a defect or insufficiency in the machinery or implements furnished by his employer, knowledge of the defect or insufficiency must be brought home to the employer, or proof made that he was ignorant of the same through his own negligence or want of care. In other words, it must be shown that he either knew, or by the exercise of reasonable diligence might have known, of the defect which caused the injury. Thus, a railroad company will not be held responsible for a latent defect in a boiler of an engine, or a flaw in a broken rail, of which it had no knowledge; everything to the eye appearing right, and the usual tests discovering no imperfection. C. & A. R. R. Co. v. Platt, 89 Ill. 141; T. P. & W. R'y Co. v. Conroy, 61 Id. 162; T. W. & W. R'y Co. v. Ingraham, 77 Id. 309; C. C. & I. C. R'y Co. v. Troesch, *supra.*

If the explosion by which the plaintiff in this case was injured was in fact the result of a defect in the gas-generator, the evidence fails to show the precise nature of the defect, nor does it appear that it was of such a character as to have been apparent upon examination, or discoverable by the application of any known tests. The defendant gave evidence tending to show that the machine, as originally made, was properly constructed, and that only a few months prior to the explosion it was thoroughly overhauled by experienced machinists, and put in complete repair. The only evidence tending to show that it was defective is that which is to be derived from the mere fact that it exploded. The strong inference, then, would be that if defective, its defects were latent. So far as appears, they may have been of such a nature as to have eluded the most careful examination of the most skillful experts. The instruction, then, was clearly erroneous in holding that the mere absence of an examination by prudent men was conclusive of the defendant's liability.

The plaintiff's second instruction was to the effect that the mere fact that the generator exploded, and that the plaintiff was in no way connected with its management, if proved, was

*prima facie* evidence of negligence. Doubtless as between the proprietor of machinery and a mere stranger, an explosion would raise a *prima facie* presumption of negligence on the part of the proprietor, so as to throw on him the burden of rebutting such presumption by evidence. This is doubtless a reasonable rule, since the proprietor is held to be equally liable to a mere stranger, whether the explosion results from defects in the machinery or the negligence of his servant in charge of it. But the rule has never been extended to cases where the servant who was operating the machinery, or his fellow servant, was the injured party. T. W. & W. R'y Co. v. Moore, 77 Ill. 217; I. C. R. R. Co. v. Phillips, 55 Id. 194; Same v. Same, 49 Id. 234. In such cases the master would not be liable for the negligence of the servant, and the presumption that the explosion was caused by defects in the machinery would be no stronger than it resulted from the negligence of the servant in operating it.

The error in the instruction was not obviated in our opinion by the submission to the jury of the question whether the plaintiff was any way " connected with the management of the generator." This could have scarcely been understood by the jury as requiring them to find whether the plaintiff was a fellow servant, in the legal sense with the person who was operating it. The machine may have been under the exclusive control of O'Donnell, and still he and the plaintiff may notwithstanding have been fellow servants in the same line of employment.

For the errors in the foregoing instructions the judgment must be reversed. The point is made that the verdict is unsupported by the evidence, but as the case must be submitted to another jury, we forbear to discuss that proposition. The judgment will be reversed and the cause remanded.

Judgment reversed.