## Chicago & Alton Railroad Co. v. Kerr.

1. *Railroad Company—Duty Toward its Employes.*—A railroad company owes to its employes the duty of using the uttermost care and vigilance consistent with the practical operation of its road in keeping its tracks in safe condition.

Memorandum.—Suit for personal injuries.   Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding.   Heard in this court at the May term, A. D. 1892, and affirmed.   Opinion filed October 17, 1892.

### Appellant's Statement of the Case.

The plaintiff charges that the defendant did not use proper care in constructing its road bed, nor in keeping the same in repair, but carelessly, negligently and unskillfully constructed and managed its road. That by and through its negligence its road bed, track, ties and rails became and were out of repair and in dangerous condition at a place about three miles south of Jacksonville, and the same was dangerous to the lives of train men and passengers. The defendant well knew and might have known that its road bed at the place aforesaid was unskillfully constructed and out of repair, etc. That on May 9, 1890, plaintiff, as a locomotive fireman on train, while in the exercise of due care, and being ignorant of the defective condition of the road bed, was thrown from the engine and received severe injuries, etc.

### Appellant's Brief.

Appellant owed appellee only the duty of exercising reasonable care to have its track and appliances in good order and condition, and it did not owe to appellee that degree of care which is expressed in the instruction. The duty to exercise reasonable care falls far short of that degree of care which is expressed in the words " To do all that human care, vigilance and foresight can do." That degree of care would have required, perhaps, that a man should be stationed at every rail. Human foresight might have done that. Wabash, St. Louis and Pacific Railway Company v. Fenton, 12 Brad. 417; C., B. & Q. R. Co. v. Abend, 7 Brad. 130.

"The degree of care and prudence which a master is bound, as between himself and his employe, to exercise in providing tools, machinery and appliances for transacting the business of the employment, is that reasonable care and prudence in selecting and ordering what he requires in his business which every prudent man is expected to employ in providing himself with the conveniences of his occupation." Gates v. S. M. R. Co., 28 Minn. 110.

"As between a railroad company and its employes, the

C. & A. R. R. Co. v. Kerr.

railroad company is required to exercise reasonable and ordinary care and diligence, and only such, in furnishing to its employes reasonably safe machinery and instrumentalities for the operation of its railroad." A. T. & S. F. R. Co. v. Wagner, 21 Am. & Eng. R. R. Cases, 63.

Wm. Brown, attorney for appellant.

Williams & Capen, of counsel.

### Appellee's Brief.

In an early case it was held to be the duty of railroad companies to keep their road and works and all portions of the track in such repair and so watched and tended as to insure the safety · of all who may lawfully be upon them, whether passengers or servants or others. C. & N. W. R. R. Co. v. Swett, 45 Ill. 203.

Such an obligation is permanent, and can not be avoided by delegating the power to look after these things to other employes. The undertaking with their servants is direct that they will perform these obligations. C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 496.

Servants have a right to assume that the master will perform his duty in that regard. C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; I. C. R. R. Co. v. Welch, 52 Ill. 186; Perry v. Ricketts, 55 Ill. 234; U. S. R. S. Co. v. Wilder, 116 Ill. 100.

The first statement of the rule above, 45 Ill. 203, has been modified to some extent, but the rule as modified holds the company to the highest degree of diligence consistent with the practical operation of its road, and this is the rule as between the company and its servants. The rule applies to the relation of master and servant as well as carrier and passenger. Our court has made no distinction. P. C. & St. L. R. R. Co. v. Thompson, 56 Ill. 138; T. P. & W. R. R. Co. v. Conroy, 61 Ill. 163; C. & A. R. R. Co. v. Platt, 89 Ill. 141; T. P. & W. R. R. Co. v. Conroy, 68 Ill. 560.

EDWARD BARRY and JOHN E. POLLOCK, attorneys for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

The appellant company was, on the 8th day of May, 1890, improving or repairing the track of its road at a point about three miles south of Jacksonville. We think the evidence establishes the fact that at the close of that day the track at this point was left in an unsafe and dangerous condition. At 9 o'clock of the night of the same day the division superintendent of the appellant company while on one of the appellant's trains passed over the place in question and his attention was called to the imperfect condition of the track. He so testified, and stated further that the train rolled or rocked to such an extent that he, on arriving at Jacksonville about fifteen minutes after, directed a message to be sent to the train master at Roodhouse, instructing him to notify those in charge of trains to run slowly over that part of the road.

The appellee was in appellant's employ as a fireman, and acting in that capacity, left Roodhouse at about one o'clock of the same night on an engine drawing meat train No. 75.

The conductor of this train received orders concerning the operation of his train from the operator at Roodhouse, but was not warned of nor did he receive any order relating to the defective or unsafe condition of the track. This train passed over the dangerous point at a high, but not unusual rate of speed, and by reason of the imperfect condition of the track the engine rolled and lurched from side to side so violently that the appellee was thrown with great force from his place in the engine to and upon the ground, and received injuries for which he recovered a judgment in this case, in the Circuit Court, against the appellant company, in the sum of $3,250. This is an appeal from that judgment.

As before said it is abundantly proven that the track was imperfect, rough and unsafe. This appellant's division superintendent knew, possibly in time to have caused it to be repaired and made safe and certainly in ample time to have

warned those in control of other trains of the danger. He attempted ineffectually to give warning through the train dispatcher. Whether the operator at Jacksonville neglected to send the message as directed by the superintendent, or whether the train dispatcher neglected to obey it, does not appear. The failure and neglect of either was the failure and neglect of the appellant.

Rule No. 35 of the appellant company is as follows: " A stationary red flag by day or red light by night denotes that the track is impassable, and trains must stop at once and not proceed until it is known to be clear. A red flag with a white center by day or a red and white lamp placed close together at night denotes that the track is imperfect, and must be run over with great caution.

This rule was in force at the time of the accident and the division superintendent testified that it was the duty of any officer of the road to display the signals required by the rule whenever the condition of the track was such as to make that course necessary. Compliance with this rule was easy and convenient of accomplishment and would, beyond any reasonable doubt, have secured the appellee from injury.

We think that in the exercise of ordinary prudence and diligence the signals required by this rule should have been displayed.

The appellant company owed to the appellee as one of its employes, the duty of using the uttermost care and vigilance consistent with the practical operation of the road, in keeping its tracks in safe condition. P. C. & St. L. R. R. Co. v. Thompson, 56 Ill. 138; T. P. & W. R. R. v. Conroy, 61 Ill. 163; same v. same, 68 Ill. 560; C. & A. R. R. v. Platt, 89 Ill. 141.

In T. P. & W. R. R. v. Conroy, 68 Ill. 560, which was an action by an employe against the railroad company, it is said: " The duty owing by a railroad company to the public *as well as those in their employment* is that the road and its appurtenances shall be constructed of the best material, having in view the business to be done upon it. In their construction they should equal those of the best roads doing an

equal amount of business, and the utmost care and vigilance should be bestowed upon them in keeping them in safe condition."

" The law will not allow them to be out of repair an hour longer than the highest degree of diligence requires. And further, it is their duty to keep a sufficient force at command and of capacity sufficient to discover defects and apply the remedy."

The instructions given for the appellee are in harmony with the views thus expressed and are not open to the objection sought to be preferred against them. Tested by these rules the appellant failed to discharge its duty in leaving the track in such a dangerous condition, and failed again in not taking steps to put it in safe condition when its division superintendent received actual knowledge of its defects, and failed further in not giving warning by the signals required by its own rules.

We do not feel as well satisfied as we would like to be as to the extent or permanency of the injuries of the appellee The testimony of the medical experts is conflicting and not entirely satisfactory; but we are not warranted in saying that upon this point the jury were manifestly wrong or that there is not sufficient evidence in the record to support the finding. The judgment must be and is affirmed.