# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1899.

## Joseph J. Sanden v. Patrick R. Bannon.

1. MASTER AND SERVANT — *Responsibility for Latent Defects in Machinery.*—The master is not responsible for injuries to his servant resulting from latent defects in appliances used in his business of which he has no knowledge or means of knowledge.

**Action on the Case,** for personal injuries. Trial in the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

E. MEERS and M. SPRAGUE, attorneys for appellant.

HALEY & O'DONNELL, attorneys for appellee.

Although there may be some evidence tending to support plaintiff's case, yet where the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is so far insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. Simmons v. C. & T. R. R. Co., 110 Ill. 340; C. & A. R. R. Co. v. Adler, 129 Ill. 335; L. S. & M. S. R. R. Co. v. O'Conner, 115 Ill. 254; Bartelott v. Int. Bank, 119 Ill. 259; Com. Ins. Co. v. Scammon, 123 Ill. 601; People v. The People's Ins. Ex., 126 Ill.

466; Purdy v. Hall, 134 Ill. 298; Pullman Palace Car Co. v. Laack, 143 Ill. 242; Siddall v. Jansen, 143 Ill. 537; City of Spring Valley v. Spring Valley Coal Co.; 173 Ill. 497; Gartside Coal Co. v. Turk, 147 Ill. 120.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellant, to recover damages for injuries sustained in consequence of the fall of a scaffold upon which he was working while in the employment of appellee. The case was before us on a former appeal, when a judgment in favor of appellant was reversed for insufficiency of evidence to support it. (Bannon v. Sanden, 68 Ill. App. 164.) For a full statement of the facts we refer to our opinion then filed, and it is unnecessary to again detail them.

On the last trial there was some evidence tending to show that the knot in the stick of 4 x 4 timber, which broke and allowed the scaffold to fall, was visible on the surface, and that reasonable care would have discovered the defect; but we think the evidence, considered as a whole, shows by a clear preponderance that it was a concealed knot, and was not visible or observable to ordinary inspection. Before appellee could be held liable, it was incumbent on appellant to prove by a preponderance of the evidence, not only that the timber was in fact defective, but also that appellee was negligent in not discovering the defect, the rule being that the master is not responsible to his servant for latent defects in the machinery or appliances used in his business of which he has no knowledge or means of knowledge. (Chicago & Alton R. R. Co. v. Platt, 89 Ill. 141; C., C. & L. C. Ry. Co. v. Troesch, 68 Ill. 545.) A detailed discussion of the testimony of the several witnesses would serve no useful purpose, and we shall not undertake it. Suffice it to say, we are satisfied the evidence does not establish the charges of negligence contained in the declaration, and it does not appear, by a preponderance thereof, that the knot in question was of such a character that appellee, by the use of ordinary care or diligence, could or ought to have

Sanden v. Bannon.

discovered it.  This being so, under the rule above stated, the master was not liable.  The only charge of negligence contained in the declaration was the furnishing a scaffold for appellant to work upon, which was constructed of unsafe and unsuitable material, and the only proof as to the unsafety or unsuitableness of the material was as to the existence of this knot in the one stick of timber complained of.  If we are correct in the conclusion we have arrived at, that this knot was concealed, and not visible to ordinary inspection, and was of such a latent character that appellee was not, in the exercise of ordinary care, chargeable with a knowledge of its existence, then the plaintiff could not recover, and had a verdict been rendered in his favor it would have been the duty of the court to set it aside.  At the close of plaintiff's evidence a motion was entered by appellee to direct a verdict in his favor, but this motion was refused.  After all the evidence was in, the motion was renewed, sustained by the court, and the jury were instructed to return a verdict for appellee, and thereupon the jury returned a verdict of not guilty.  A motion for new trial was overruled and judgment entered on the verdict.  Appellant saved the proper exceptions and brings the case to this court for review.

It must be admitted that there was evidence for the plaintiff, which, standing alone, and without reference to the countervailing testimony, might have supported a verdict in his favor, and therefore it may be the court erred in directing a verdict for the defendant.  But, when all the evidence is considered together, we are of opinion it so clearly preponderates in favor of appellee, that if a verdict had been returned in favor of appellant and judgment rendered thereon, and the cause then brought to this court, we should have felt bound to reverse the judgment without remanding the cause, and therefore the plaintiff was not harmed by the action of the court in directing a verdict. We deem it unnecessary to discuss any other questions in the case, and for the reason that the evidence was insufficient to support a verdict in favor of appellant, had he obtained one, the judgment will be affirmed.