## Pioneer Cooperage Co. v. Anton Romanowicz.

1. Master and Servant—*Notice of Defective Machinery.*—The master is not to be held liable for defects and dangers of which the servant is fully informed, but the servant is authorized to rely upon the acts of the master in this respect, and is under no primary obligation to investigate the fitness and safety of the machinery, in the absence of notice that there is something wrong in it.

2. Same—*Actual Notice Not Necessary.*—Actual notice of a defect is not necessary, it being sufficient that the master might have been informed by the use of such diligence as the law imposes upon him; but when he did not know and could not have informed himself of the defect he can not be held responsible.

3. Same—*Efforts to Put Machinery in Order, When Futile.*—It is not enough when a machine is dangerously defective, and known to be so, to make a futile effort to put it in order and then leave it to itself.

Action in Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 7, 1899.

**Statement.**—This is a suit to recover for personal injuries, inflicted by a machine used for pressing barrel staves together and putting on the hoops. The declaration charges that appellant negligently suffered the machine to be and remain out of order; that appellant knew, or ought to have known, its dangerous condition; that appellee was in the employ of the appellant and was set at work with the machine without information or knowledge of the defect, and was, while operating it without fault on his part, seriously injured, having his left hand crushed, and that the injury was owing to such dangerous and defective condition.

JOHN A. POST and JOHN B. BRADY, attorneys for appellant.

GEORGE W. SHINN, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

At the conclusion of the case, the appellant herein presented a written motion requesting the court to exclude the evidence, and instruct the jury to find the defendant not guilty. The motion was denied. Appellant put in no proof, and the jury returned a verdict in favor of the appellee.

It is contended by appellant that there is no evidence showing or tending to show that the machine was in a defective condition at the time of the accident, nor that its alleged defective condition had existed for such a length of time that the master could be presumed to have had notice of any defect; nor that the master did know of any defect.

One of appellee's witnesses states that prior to the accident he had worked about six years on the machine by which appellee was injured; that it was set in operation by a foot pedal; that when the operator placed his foot on the pedal then the machine was set in operation, and the press descended upon the barrel on which the pressure

was to be exerted; that when the foot was removed from the pedal the machine was "supposed to stop," but that when he was working with it it sometimes failed to do so, because the spring was too loose. It is claimed that by reason of this defect the machine descended unexpectedly when it should not have done so, and without being started, and thus caught the appellee's hand, inflicting the injury. The witness testified that he talked several times with the foreman about this defect in the machine; that the last time was about a year before he quit working there; that the foreman fixed it then, and he never spoke to the foreman about it afterward although "sometimes it come down but I don't say anything." He says that it was repaired several times, and about two or three months before the accident, but it would nevertheless work the same as before; that sometimes a barrel could not be gotten out of the machine by getting hold of it at the side, and it was necessary to get hold of the barrel at the top, where the appellee's hand was at the time of the injury.

It appears from the evidence that notwithstanding the alleged defect one who understood the liability to irregular action of this particular machine could operate it without serious danger of injury. Appellee states that he had been working for appellant handling barrels about two months before the accident, and did not do any other work; that when he was put to work on this machine it was the first time he had worked with that kind of a press; that he worked with it a day and a half before the accident, and that when set to work the foreman said nothing, but pointed to the machine, left him there and went away. He says he does not know how the accident happened; that he was told afterward his hand was on top of the barrel, but he had become unconscious. Appellee was asked if he had his foot on the treadle at the time he was hurt, and replied that he does not know where his foot was at the time. Later, however, on cross-examination, he says that as long as he was conscious his "feet were in front of the machine where they ought to be, where I always had them." He states

that the machine had, while he was handling it, worked all right up to the time of the accident; that the barrel was tight in the press and he had to jerk it to get it out, which he was trying to do when he was injured.

The substance of this evidence is to the effect that the machine had been out of order a long time; that the attention of the foreman had been called to its condition and unsuccessful efforts had been made to repair it; that the defect and consequent danger to one using it had not been pointed out to the appellee, who had not been previously working with such machine, and he was given no warning or information of the liability of the press to descend at times without pressure upon the pedal; that therefore the danger of placing his hand on the top of the barrel was unknown to him; that his feet were not on the pedal at the time the press descended and caught his hand, inflicting the injury, and that therefore its descent was another exhibition of the irregular action caused by its defective condition.

There was no testimony introduced tending to controvert these propositions, and the jury found in favor of appellee.

Appellant's counsel urge " first, that there is no evidence showing or tending to show that the machine was in a defective condition at the time of the accident, or that its alleged defective condition had existed for such a length of time that the master was presumed to have had notice of the same, or that the master did know of any defect."

In view of what, as we have pointed out, the evidence tends to show, we can not agree with this contention. There clearly is evidence that the machine was defective at the time of the accident, that the press descended without pressure upon the pedal, that the defect had existed for several years, and that the master had several times ineffectually undertaken to repair it, and therefore must have had knowledge that such a defect had existed. It is true that the evidence does not show notice to the master, or the foreman, that the last effort to repair it had been unsuccessful. But having notice of the defect, an ineffectual effort to repair, with no evidence of any effort to make sure

that the defect had been effectually corrected, would not relieve the master of the charge of negligence. It is not enough when a machine is dangerously defective and known to be so, to make a futile effort to put it in order and leave it to itself. The evidence tending to show that it had been frequently out of order in the same way before, we can not say the jury were not justified in concluding that the master knew, or in the use of ordinary care and diligence should have known, that it was defective at the time the appellant was set to work upon it without information or knowledge of the defect. In the case of Sack v. Dolese, 137 Ill. 129, which is cited in appellant's brief, it is said :

" If plaintiff had shown that the fault in the brake was in fact known to appellee's foreman, or car inspector, but unknown to himself, he would have made out his case; and so, too, would he have made his case had he shown that the defect was of such a nature that it would have been known to them if they exercised due care. No defect is latent which an inspection will disclose."

In the case before us, the foreman's attention having been called to the defect, and an effort to repair having been made, it was his duty as representing the master to endeavor to ascertain whether the defect still existed, before he put a man at work with the machine without informing him of the danger, or showing him how to avoid it.

In Chicago & Eastern Ill. R. R. Co. v. Hines, 132 Ill., p. 169, the court says that " while the master is not to be held liable for defects and dangers of which the servant is fully informed, yet the servant is authorized to rely upon the acts of the master in that respect, and is under no primary obligation to investigate the fitness and safety of the machinery, surroundings, etc., in the absence of notice that there is something wrong in that respect." In Chicago & Alton R. R. Co. v. Platt, 89 Ill., 141, it is said:

"Actual notice of the defect is not necessary, it being sufficient that the company might have been informed by the use of such diligence as the law imposes upon it; but when it did not know and could not have informed

itself of the defect the company can not be held responsible."

It is urged that the trial court erred in allowing a witness to state in answer to a question by counsel as to how the accident happened, that the appellee " did not understand the work nor the machine, that is why he was hurt." It is said the declaration did not allege any unfamiliarity with the work, nor improper instructions, and that this answer prejudiced the mind of the jury. The declaration charges a defect in the machine, and that without fault or negligence in the appellee, without knowledge on his part of the danger, and without having at any time or in any manner been adequately apprised of it, the injury was inflicted.

It is, we think, manifest that the language of the witness in reference to the appellee not understanding the work, had reference to the working of the machine in its alleged defective condition; that he had no knowledge of the danger, and how to avoid it; and the declaration charges, not improper instructions, but no instructions at all.

Complaint is made of the refusal of certain instructions requested by appellant. These related to an alleged release or receipt signed by the appellee. It is said that " these instructions, or some of them, should have been given to the jury." It is not pointed out wherein the court erred in refusing them or any of them. We do not regard their refusal as error, in view of the evidence.

For the reasons indicated, the judgment of the Circuit Court must be affirmed.